## Scott v. Scott

*Robert W. Geigley*, for plaintiff.
*John W. Phillips*, for defendant.

MacPHAIL, P. J., July 26, 1973.—In this case, plaintiff brought an action against her husband under the provisions of the Act of April 11, 1856, P. L. 315, 48 PS §112, to recover her separate earnings and property. After a jury trial, plaintiff was awarded a verdict in the sum of $500. Plaintiff has filed a motion for new trial alleging, inter alia, that the verdict was grossly inadequate, that the court erred in refusing a motion for challenge to the array of the jury panel, that the court erred in excluding testimony relative to damages allegedly incurred by plaintiff after August 21, 1969, and that the court erred in its instructions to the jury.

To say the least, the action is a novel one. The parties were married August 12, 1941. They lived together continuously up to the time of trial. Three children were born of the marriage. On August 21, 1969, at the instance of the wife, a support order was entered against defendant for the support of plaintiff and two dependent children. Plaintiff has worked a great part of her married life. Defendant has been steadily employed during his entire married life.

In 1948 the parties moved onto a farm purchased by defendant in his own name. It seems as though the

plaintiff's principal complaint is that defendant did not include her name on the deed and that he has allegedly accrued savings for his own benefit while she has used her earnings to support herself, a burden defendant should have assumed. Admittedly, plaintiff has no separate property in the possession of defendant. Her suit is to recover earnings she allegedly spent to maintain herself during the marriage, thus benefiting her husband.

The husband does not deny that his wife worked nor does he deny that she supplemented the family income to purchase appliances, food, etc. He denies that he ever asked his wife to do this and denies that it was necessary for her to do it. The wife admits that she had a separate checking account from which she purchased some of the items mentioned in her complaint. Defendant's position is that plaintiff's contributions were a gift.

The only witnesses at trial were plaintiff and defendant. There was a direct conflict between the two witnesses in all of the material testimony.

On the day the matter was called for trial, plaintiff's counsel orally challenged the array of the jury panel on the ground that there were very few women (11) as compared to the number of men. We refused the motion because it was not in writing as required by Pennsylvania Rule of Civil Procedure 220 and Local Rule of Court 180. Later the same day, but before the jury for this case was selected, counsel presented a written motion challenging the array of the jury. We refused it because it was not timely filed. The trial term began October 24th. The motion was not filed until October 27th. Pennsylvania Rule of Civil Procedure 220 mandates that the challenge be presented on or before the first day of the trial term. Furthermore, we now hold that the mere numerical imbalance

of males and females would not be, in and of itself, proper grounds to challenge the array. No authority has been cited by plaintiff to substantiate her position in this respect and we have found none.

As we have previously noted, defendant has been under a support order since August 21, 1969. There is no evidence that defendant has failed to comply with that order. Since the matter of wife and child support is a balancing of the needs of the wife and children with the husband's ability to pay, we are of the opinion that after the order was entered, defendant did not neglect or refuse to support his wife unless he failed to comply with the support order. For those reasons, evidence of liability and damages was excluded from the trial for the period from August 21, 1969, forward. We affirm that ruling.

It is difficult to determine from the motion for new trial, and the supplemental motion, just what errors the court is alleged to have made in its charge to the jury. From the briefs, we ascertain two areas where plaintiff complains of error. We charged that where a husband and wife are living together it is presumed that income received by the husband from the wife is a gift. This is in accord with the holding in Hauer Estate, 140 Pa. 420 (1891). The same rule applies where the wife voluntarily makes expenditures for the maintenance of the family: 41 Am. Jur. 2d, Husband and Wife, §335. Plaintiff admits that this is the law but says we erred when we repeated it in our charge. There is no unfairness in the charge in this respect and unless some prejudice to plaintiff is patently clear, there can be no error where the substance of the charge is accurate.

Plaintiff also complains that we erred when we told the jury they would have to determine when defendant's liability began, if indeed he was liable. Plaintiff

can recover in an action under this provision of the law only where it is shown that defendant refused or neglected to support her *and* where she had earnings or property in the custody of or used for the benefit of the defendant. Plaintiff seeks to recover from the time of her marriage to the date of trial, but it is quite obvious that if there were periods of time when defendant was supporting his wife or when she did not have earnings which were used by or given to her husband, she cannot recover. It was not only proper but necessary to have the jury determine when the period of time began when these two matters conjoined, if, in fact, they ever did.

Finally, we consider the adequacy of the verdict. Plaintiff contends that the jury had no choice other than to award her the substantial damages she was seeking once they had found defendant liable for anything at all. This, of course, is not true. The mere fact that plaintiff earned over $20,000 during her married life does not mean that any or all of it was used in discharge of the husband's legal obligation of support. Even the mere fact that plaintiff expended all or most of her earnings on behalf of herself and children does not mean that the jury could not find that any or all of the funds so expended were, in fact, a gift to the husband. There was no agreement according to the husband that he would refund to her any of these expenditures. To the contrary, he claimed throughout the testimony that her expenditures were unnecessary.

Factually, this case is one which is very appropriate for nominal damages where the jury might find that defendant refused or neglected to support his wife, but that her expenditures were voluntary; or they may have found that only $500 of the total claimed by plaintiff was actually spent by her involuntarily at a

time when defendant was not supporting her. In any event, this is not the classic case of clear disregard of evidence or law which compels the court to award a new trial. The jury had gross conflicts of testimony to resolve. How they arrived at the $500 is not for us to determine. The fact is that they were given proper instructions and they had to resolve factual conflicts. This is peculiarly the jury's function.

## ORDER OF COURT

And now, July 26, 1973, plaintiff's motion for new trial is denied and the prothonotary is directed to enter judgment on the verdict upon payment of the jury fee.